

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
04/28/2021

| In re: | | |
|---|---|---|
| Greater Houston Pool Management, Inc. § | Case No. 21-31047 | |
| *Debtor* § | Chapter 11 | |
| § | | |
| and § | | |
| § | | |
| Daniel James McInnis and § | Case No. 21-31053 | |
| Jennifer Jo McInnis § | | |
| *Debtors* § | Chapter 11 | |
| § | | |
| and § | | |
| § | Case No. 21-31049 | |
| Greater Houston Pool § | | |
| Builders LLC § | Chapter 11 | |
| *Debtor* § | | |

## ORDER GRANTING CONTINUED USE OF CASH COLLATERAL

On this day came on for consideration the Debtor's Emergency Motion to Use Cash Collateral and Request for an Emergency Order to Use Cash Collateral on an Interim Basis [Doc# 22 ] ("Motion") and the Court having considered the same, evidence and arguments of counsel, if any, is of the opinion the Motion should be **GRANTED**.

Therefore, it is **ORDERED** that Debtor is authorized to use cash collateral, including but not limited to revenue collected in its ordinary course of business on a continuing basis as conditioned by the terms of this order.

It is further **ORDERED** that any and all revenues received on a post-petition basis by the Debtor shall be collected, received and maintained by Debtor in its DIP account to be established forthwith and shall not be used except in accordance with the terms of this Order.

It is further **ORDERED** that Debtor may use cash collateral for the purpose of meeting its

post-petition obligations in the ordinary course of business, including payment of post-petition bills and expenses such as rent, utilities, maintenance, payroll, taxes to operate and maintain the property of the Estate, any other disbursements authorized by Court Order and all in accordance with the attached Budget.  Debtor is not required to disburse all sums represented in any one period as presented within the budget and may exceed the budgeted distribution in any one period so long as the cumulative total of expenditures in any one budget category do not exceed the total authorized expenditures through the end of the subject period.

.

It is further **ORDERED** the holders of allowed secured claims with a security interest in cash collateral, if any, as that term is defined in the Code, shall be entitled to a replacement lien in post-petition accounts receivable, contract rights, and deposit accounts to the same extent and in the same priority as those interests appeared on the commencement date.  Provided, however, that to the extent that professional fees are allowed pursuant to order of the Court to employ professionals, and, thereafter, that fees are allowed to any such professional, said allowed fees shall be payable from the proceeds of cash collateral, free and clear of the rights of secured creditors, but only to the extent allowed by final non-appealable order of the Court and only to the extent that the allowed fees exceed any amount of cash held by the Debtor which is not the subject of a valid, perfected and enforceable cash collateral security interest.

It is further ORDERED that Notwithstanding all terms to the contrary stated herein, this Order shall not be construed in any way as a waiver or relinquishment of, any rights or remedies, expressly or implicitly, that holders of allowed secured claims (the "Secured Creditors") may have at law and in equity, including but not limited to:  (i) under their existing loan documents; (ii) the Secured Creditors' right to seek any other or supplemental relief in respect of the Debtor, including the right to seek additional adequate protection or restriction on Cash Collateral

(without prejudice to any other person's right to object to or otherwise oppose such additional adequate protection or restriction on Cash Collateral); (iii) the Secured Creditors' right to object to impermissible use of Cash Collateral; (iv) the Secured Creditors' agreement, consent, or acquiescence to the terms of any plan by virtue of any term or provision of this order; (v) the Secured Creditors' right to assert any other rights, remedies, or defenses available to such person to respond to any motion, application, proposal, or other action, all such rights, remedies, defenses, and opportunities to respond being specifically reserved by such persons; (vi) the rights of the Creditors with respect to the Debtor's sale of any of its property; (vii) the Secured Creditors' agreement, consent, or acquiescence to the terms of any plan of reorganization or treatment of its claim by virtue of any term or provision of this order; (viii) any of the rights or remedies of the Secured Creditors under the Bankruptcy Code or under non-bankruptcy law, including, without limitation, (a) the right to request modification of the automatic stay of Bankruptcy Code § 362, (b) the right to request dismissal or conversion of this chapter 11 case; (c) all rights and remedies under the Uniform Commercial Code; and (d) all rights and remedies under the Federal Arbitration Act, 9 U.S.C. §1 et seq. and any other applicable law.  Nothing herein contained shall prejudice the right of the Secured Creditors to seek modification, extension, or termination of this order.

.

This order shall remain in effect for 90 days and may be renewed thereafter upon further order of the Court only.

Signed:  April 28, 2021

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge